IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL HOPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-2232-CM |
| DEFFENBAUGH DISPOSAL SERVICE,) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This race discrimination case remains in the discovery stage of litigation. The magistrate judge assigned to the case, Judge James P. O'Hara, recently issued two orders regarding the discovery of criminal information: (1) Doc. 72, an order denying a motion to compel filed by plaintiff Bill Hopson; and (2) Doc. 74, an order granting defendant Deffenbaugh Disposal Service, Inc.'s motion to compel discovery and awarding defendant reasonable expenses and fees incurred in connection with filing the motion to compel. Plaintiff now asks this court to review Judge O'Hara's orders (Doc. 77). Plaintiff argues that the rulings on the motions to compel are incorrect and that he is entitled to a hearing on the motions to compel and the assessment of attorney fees.

Motions to compel are nondispositive motions. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment"). The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200

F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court has reviewed Judge O'Hara's order, the relevant law, and the parties' briefs on the original motions to compel and the instant motion. With respect to plaintiff's motion to compel, Judge O'Hara correctly applied D. Kan. Local Rule 37.2, which requires that the parties confer in good faith before filing a motion concerning a Rule 26 discovery dispute. With respect to defendant's motion to compel, Judge O'Hara thoroughly discussed and applied the appropriate law governing discovery disclosure. His ruling on the issue raised is reasonable and grounded in law. Plaintiff does not cite the appropriate review standards and offers no reason or argument why Judge O'Hara's orders on the motions to compel are clearly erroneous or contrary to law. He simply claims that he was entitled to a hearing before the rulings. But the record does not reflect that plaintiff requested a hearing on either motion. Moreover, D. Kan. Local Rule 7.2 states that in the absence of a request for an oral argument on a motion, "motions will be submitted and determined on the written memoranda of the parties." The court denies plaintiff's motion with respect to Judge O'Hara's rulings on the motions to compel.

Before awarding fees and expenses, Judge O'Hara discussed the legal standards for awarding fees and expenses when a motion to compel is granted. He noted that an award of expenses is required, after giving an opportunity to be heard, unless certain exceptions apply. An "opportunity to be heard" does not require an actual hearing; written submissions are sufficient for the court to consider the issue of sanctions. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004) (citations omitted). Where the moving party requests sanctions in its motion, the "written submission" requirement is met as long as the opposing party has the opportunity to submit a

-3-

response brief. *Id.* at 667.

Upon review of defendant's motion to compel, the court cannot find a request by defendant for sanctions. Because defendant did not request sanctions in the motion, plaintiff was not given an opportunity to be heard on the issue. The court therefore finds that plaintiff's motion for review should be granted in part on this issue, as the procedure used for awarding sanctions was contrary to law. This is not to say that an ultimate award of sanctions, after plaintiff has an opportunity to be heard, would also be contrary to law. But plaintiff must be allowed to brief the issue, although an oral hearing on sanctions is not required. The court will leave it to Judge O'Hara to determine whether an oral hearing is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Review of Order (Doc. 77) is denied in part and granted in part. Plaintiff shall be given an opportunity to be heard on whether sanctions are appropriate. Judge O'Hara will instruct the parties on how to proceed and will consider the sanctions issue.

Dated this 21st day of April 2008, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**