IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BILL HOPSON,                                    )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )        Case No. 07-2232-CM
                                                )
DEFFENBAUGH INDUSTRIES, INC.,                   )
                                                )
                    Defendant.                  )

## <u>ORDER</u>

This employment discrimination case is before the court on the issue of whether an award of sanctions should be assessed against plaintiff, Bill Hopson, and/or his counsel, Larry D. Coleman, in favor of defendant, Deffenbaugh Industries, Inc.,[1] as the result of the court's order (doc. 74) granting defendant's third motion to compel (doc. 67).

The underlying procedural history is as follows. On or about January 16, 2008, defendant served its second set of interrogatories and request for production of documents, seeking information regarding plaintiff's criminal history. On January 17, 2008, plaintiff's counsel sent a letter to defense counsel arguing that such discovery was subject to a protective order. In the letter, it also was argued there was no reference to plaintiff's criminal background among defendant's affirmative defenses, which the court later construed as plaintiff's attempt to raise an objection based on relevancy. Defense counsel responded to

---

[1] On May 1, 2008, the court granted defendant's motion (doc. 92) to substitute Deffenbaugh Industries, Inc. for Deffenbaugh Disposal Service, Inc., as the correct named defendant in this case (doc. 100).

O:\ORDERS\07-2232-CM-74.wpd

the letter and, after further correspondence between counsel, defendant filed its third motion to compel (doc. 67). At the time of the filing of the motion, plaintiff had not served defendant with formal, written answers to the interrogatories compliant with Fed. R. Civ. P. 33(b), or a response to the request for production compliant with Fed. R. Civ. P. 34(b).

On March 20, 2008, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order granting defendant's motion to compel. In the order, the court found that an award of attorneys' fees and expenses was appropriate due to plaintiff's refusal to provide defendant with the requested discovery.[2] The court also found that counsel for plaintiff would be responsible for reimbursing the fees "as a sanction for necessitating the filing of this motion, especially given plaintiff's total failure to comply with Rules 33 and 34."[3]

On March 27, 2008, plaintiff filed a motion (doc. 77) seeking review of the March 20, 2008 order. On April 21, 2008, the presiding U.S. District Judge, Hon. Carlos Murguia, issued a memorandum and order (doc. 88) denying plaintiff's motion for review as it related to the undersigned's rulings on the motion to compel, but granted the motion as it related to plaintiff's opportunity to be heard with regard to the award of sanctions. As ordered by Judge Murguia, the undersigned established a briefing schedule with regard to the sanctions issue, and advised the parties that the court intended to hear argument on the issue during the May

[2] Doc. 74, at 7.

[3] *Id.* at 7.

2, 2008 pretrial conference.[4]  The parties timely submitted their respective briefs (docs. 95

& 99) and, during the pretrial conference, the court heard argument on this issue.  The court

is now prepared to rule.

Fed. R. Civ. P. 37(a)(5)(A) governs expenses and sanctions in connection with

motions to compel.  It provides:

> If the motion is granted—or if the disclosure or requested
> discovery is provided after the motion was filed—the court
> *must*, after giving an opportunity to be heard, require the party
> . . . whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's
> fees.  But the court must not order this payment if:
>
> (i)     the movant filed the motion before attempting in
>         good faith to obtain the disclosure or discovery
>         without court action;
>
> (ii)    the opposing party's nondisclosure, response, or
>         objection was substantially justified; or
>
> (iii)   other circumstances make an award of expenses
>         unjust. (Emphasis added.)

After review of the additional briefs and hearing argument by plaintiff, the court is wholly

unconvinced that any of the exceptions under Rule 37(a)(5)(A) would apply here.

As to the first exception, the court finds that it is undisputed that defendant conferred

with plaintiff in a good faith attempt to obtain the discovery at issue before filing its motion

to compel.

---

[4] *See* doc. 90.

As to the second exception, the court finds that plaintiff's failure to provide defendant with complete, written responses to the interrogatories and request for production of documents at issue was not substantially justified. The requests at issue sought information regarding plaintiff's criminal convictions. As previously noted in the March 20, 2008 order,[5] plaintiff was not relieved of his obligation to respond to the discovery requests simply because defendant may have made inquiries into plaintiff's criminal convictions during his deposition or may have already obtained some of the requested information through another method of discovery.

During the pretrial conference, plaintiff's counsel stated that plaintiff required assistance from family members and others in preparing responses to defendant's various discovery requests. Counsel claimed that, as a result, plaintiff routinely provided him with information responsive to the various requests in a piecemeal fashion. The court, however, finds that this does not justify plaintiff's failure to provide defendant with fully compliant responses. Notwithstanding when and how plaintiff provided his counsel with information responsive to the discovery requests, counsel was still obligated to take whatever steps were necessary to secure the requested information, and then assure that plaintiff's responses, either the initial or supplemental, were in a fully compliant form.

As to the third exception, the court finds that plaintiff has failed to establish that other circumstances exist which would render an award of sanctions unjust. During the pretrial

---

[5] Doc. 74, at 3-4.

conference, plaintiff's counsel argued that sanctions were not appropriate since Deffenbaugh Disposal Service, Inc., the entity to whom the sanctions were awarded, is a "non-entity." The court rejects this argument, but as noted on the record during the conference, finds this argument perplexing given the fact that plaintiff's complaint named Deffenbaugh Disposal Service, Inc. as the defendant, and plaintiff then continued to proceed against the "improper party" notwithstanding defendant's notification of such in the first statement of its answer.[6] In any event, as previously noted, Deffenbaugh Industries, Inc. has been substituted as the party defendant in this case in place of Deffenbaugh Disposal Service, Inc.

Mr. Coleman, both in plaintiff's supplemental brief and during oral argument, claims that an assessment of fees against him would be unjust. He argues that plaintiff's piecemeal production of information has been problematic for him. He also argues that the court should consider the fact that he is a sole practitioner and that the amount of any sanction which the court might impose against him should be along the lines of that imposed by Hon. Gerald L. Rushfelt, U.S. Magistrate Judge, in *Heil-Winger v. St. Luke's Shawnee Mission Medical Center*.[7] In *Heil-Winger*, Judge Rushfelt found that an award of $300.00 was sufficient to deter similar conduct in the future, and assessed the award against plaintiff's counsel.[8]

---

[6] *See* doc. 6.

[7] No. 96-2555, 1997 WL 634342 (D. Kan. Oct. 10, 1997).

[8] *Id.* at *2.

The court recognizes that Mr. Coleman is a sole practitioner.  However, this does not excuse the fact that he never provided defendant with fully compliant responses to the discovery requests at issue, even as of the time of the pretrial conference on May 2, 2008. Because of his failure to provide proper responses to the requests at issue, defendant was required to expend time and effort in attempt to obtain the discovery at issue prior to filing its motion to compel.  Defendant also  had to expend additional time and resources in the filing its motion to compel.

The court is still of the belief that the sanctions to be assessed in this matter should be against Mr. Coleman, especially given his statement during the pretrial conference that he believed that plaintiff had made his best effort to assist in the production of the requested information.  The amount of the sanction, however, will remain under advisement at this time.  When the court considers this issue, the court will apply the same standard which Judge Rushfelt applied in *Heil-Winger*.

Counsel for the plaintiff and counsel for defendant shall confer regarding defendant's reasonable fees and expenses incurred in filing defendant's third motion to compel.  If counsel cannot reach a stipulation on the amount of a fee award, defendant shall file an affidavit which includes the time and related expenses incurred in filing its third motion to compel by **July 3, 2008**.  Plaintiff will then have until **July 10, 2008**, to respond to defendant's affidavit.

IT IS SO ORDERED.

Dated this 25th day of June, 2008, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge