IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL HOPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 07-2232-CM |
| | ) |
| DEFFENBAUGH INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

This employment discrimination case comes before the court on the issue of the amount of the sanction to be imposed against Larry D. Coleman, counsel for the plaintiff, Bill Hopson, as the result of the court's order (doc. 74) granting the third motion of defendant, Deffenbaugh Industries, Inc., to compel discovery (doc. 67).

Because the underlying procedural history, which is rather lengthy, was set forth in detail in the court's order of June 25, 2008 (doc. 115), the court will only include those facts pertinent to the resolution of the pending issue.

On March 20, 2008, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order (doc. 74) granting defendant's third motion to compel (doc. 67).  In the order, the court found an award of attorneys' fees and expenses was appropriate due to plaintiff's refusal to provide defendant with the requested discovery.  The court also found Mr. Coleman would be responsible for reimbursing the fees "as a sanction for necessitating the

filing of this motion, especially given plaintiff's total failure to comply with Rules 33 and 34."

On March 27, 2008, plaintiff filed a motion (doc. 77) seeking review of the undersigned's March 20, 2008 order.  On April 21, 2008, the presiding U.S. District Judge, Hon. Carlos Murguia,  issued a memorandum and order (doc. 88) denying plaintiff's motion for review as it related to the undersigned's rulings on the motion to compel, but granted the motion as it related to plaintiff's opportunity to be heard with regard to the award of sanctions.

The undersigned established a briefing schedule with regard to the sanctions issue and informed the parties the court intended to hear argument on the issue during the May 2, 2008 pretrial conference.[1]  The parties timely submitted their respective briefs (docs. 95 & 99) and, during the pretrial conference, the court heard argument on the issue.

After review of the additional briefs and hearing argument by plaintiff, the court issued an order on June 25, 2008 (doc. 115), finding none of the exceptions under Fed. R. Civ. P. 37(a)(5)(A)[2] applied in this case.  The court further found any sanction to be assessed

_____

[1] *See* doc. 90.

[2] Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

in this matter should be against Mr. Coleman rather than against plaintiff.  The court noted the amount of the sanction would remain under advisement until the parties had an opportunity to attempt to reach a stipulation as to the amount.  In the event a stipulation could not be reached, the court ordered defendant to file an affidavit of its reasonable attorneys' fees and related expenses by July 3, 2008, and that plaintiff respond to the affidavit by July 10, 2008.  On July 3, 2008, defendant filed its response to the June 25, 2008 order (doc. 117) which included the affidavit of costs provided by defense counsel.  Plaintiff filed his response (doc. 119) on July 10, 2008, to which defendant replied (doc. 120).

Defendant has submitted the affidavit of one of its counsel, Randall Coffey, which provides that defendant incurred $2,660.50 in attorneys' fees in connection with filing its third motion to compel.  In his response to the affidavit, plaintiff does not challenge any of the entries in the affidavit or address the reasonableness of the fee request.  Rather, plaintiff simply argues that any sanction would be an abuse of the court's discretion.  Plaintiff also spends nearly two pages of his three-page response rearguing the merits of the motion to compel and the court's order regarding the imposition of sanctions.

---

(i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)  other circumstances make an award of expenses unjust.

"The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct."[3] "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer."[4]

The court initially finds the requested fees are reasonable. However, under the circumstances in this case, the court does not find it necessary to impose the full amount requested against Mr. Coleman to deter him from engaging in similar conduct in the future. As set forth in the June 25, 2008 order, the court recognizes that Mr. Coleman is a sole practitioner. However, as counsel for plaintiff, he was obligated to take whatever steps were necessary to assure defendant was provided with fully compliant responses to the discovery requests at issue in the third motion to compel. Because of his failure to do so, defendant was required to expend time and effort in attempt to obtain the discovery at issue prior to filing its motion to compel, and in filing the motion to compel. In any event, the court believes an award of $1,500.00 is adequate. By **August 15, 2008**, Mr. Coleman shall pay defendant $1,500.00 and then shall promptly file a certificate of service indicating that payment has been made.

---

[3] *Heil-Winger v. St. Luke's Shawnee Mission Medical Center*, No. 96-2555, 1997 WL 634342, at *2 (D. Kan. Oct. 10, 1997) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

[4] *Id.* (citing *White v. GMC*, 908 F.2d 675, 685 (10th Cir.1990)).

IT IS SO ORDERED.

Dated this 21st day of July, 2008 at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge