IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BILL HOPSON,                              )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     Case No. 07-2232-CM
                                          )
DEFFENBAUGH INDUSTRIES, INC.,             )
                                          )
                    Defendant.            )

## REPORT AND RECOMMENDATION

### I.  Introduction

This employment discrimination case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the renewed motion of the defendant, Deffenbaugh Industries, Inc., for sanctions (**doc. 89**).  The plaintiff, Bill Hopson, filed a response (doc. 95), and defendant filed a reply (doc. 98).  In response to discussions which occurred during the final pretrial conference held on May 2, 2008 regarding the instant motion, plaintiff filed a brief titled "Plaintiff's Suggestions in Opposition to Defendant's Motion for Contempt" (doc. 104).  Defendant then filed a supplemental notice in support of its renewed motion for sanctions (doc. 112).

### II.  Background

On October 12, 2007, defendant filed its first motion to compel plaintiff to respond to certain discovery requests, specifically, Interrogatory No. 2 and Request No. 6 (doc. 28).

Those discovery requests sought details concerning plaintiff's past and present employment and employment efforts, and copies of plaintiff's income tax returns and related information.

On October 29, 2007, the court granted defendant's motion as unopposed (doc. 29). The court specifically ordered plaintiff to provide a complete answer to Interrogatory No. 2, to produce documents responsive to Request No. 6, and to execute an authorization for employment records referred to in Interrogatory No. 2, all by November 9, 2007.

On December 7, 2007, defendant filed a motion to compel compliance with the court's October 29, 2007 order (doc. 31). Defendant argued that, notwithstanding the court's order, plaintiff had failed to provide it with any information responsive to Interrogatory No. 2, and the only document plaintiff had produced which was responsive to Request No. 6 was his 2006 W-2 from defendant. Defendant argued it had requested plaintiff execute an IRS Form 4506 so defendant could obtain plaintiff's tax returns directly, however, plaintiff had not executed the form. Defendant also indicated the parties were having problems scheduling plaintiff's deposition and requested the court convene a telephone conference to settle the dispute. Plaintiff responded to the motion (doc. 32) and defendant replied (doc. 33).

On December 26, 2007, the court convened a telephone conference. The court granted defendant's motion to compel only insofar as deposition priority and scheduling were concerned (doc. 36). The court denied the remainder of the motion without prejudice to defendant's right to re-file a motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2). The court also specifically admonished plaintiff that "in the hopefully unlikely event that he does

not completely comply with the court's prior order compelling the subject discovery by [January 7, 2008], the undersigned will seriously consider recommending dismissal of this case as a discovery sanction."

On January 18, 2008, defendant filed a motion for sanctions asserting that plaintiff had not complied with the court's October 29, 2007 order and that the sanction of dismissal was appropriate (doc. 41).  At the time of the filing of this motion, plaintiff still only had produced his 2006 W-2 form from defendant, despite defendant's repeated requests that plaintiff provide a complete answer Interrogatory No. 2 and produce additional documents showing his earnings.

After defendant filed its motion for sanctions, plaintiff produced some documents in response to Request No. 6, i.e., pay stubs, a 2005 tax return summary, and a 2006 tax return. Plaintiff, however, had still failed to produce his entire 2005 tax return and 2004 return. Plaintiff also provided no excuse for not producing his pay stubs by January 7, 2008, as required by the court's December 26, 2007 order.

On February 13, 2008, the court entered an order ruling defendant's motion for sanctions (doc. 58).  The court found that "[d]espite being given multiple chances, plaintiff has still failed to completely comply with the court's October 29, 2007 order compelling his responses to Interrogatory No. 2 and Request No. 6."  Unsure whether plaintiff or his counsel was the culpable party, and in an abundance of caution, the court afforded plaintiff one *final* opportunity to comply with the previous orders.  The court ordered by February 22, 2008, plaintiff was to completely respond to Interrogatory No. 2 and Request No. 6, including

providing his 2004 tax return and his complete 2005 tax return.  The court also ordered plaintiff to provide all information requested about his employment after his separation from defendant, including the details of his jobs and income information.  The court included the following:

> To make it explicitly clear to plaintiff, the availability of any of the above information from another source is irrelevant and does not fulfill his obligation to provide the information.  Plaintiff is again admonished that his hopefully unlikely failure to comply with this order and the court's previous orders will result in the undersigned magistrate judge's strong inclination to recommend dismissal as a sanction (doc. 58, at 8-9).

Lastly, the court found an award of attorneys' fees and expenses was appropriate.  The court directed counsel for the parties to confer regarding defendant's reasonable fees and expenses incurred in filing its original motion to compel, the motion to compel compliance with the court's October 29, 2007 order, and the motion for sanctions.  The court noted counsel for plaintiff would be responsible for reimbursing these fees as a sanction for necessitating the filing of defendant's motion for sanctions.  The court directed that if the parties were unable to agree, defendant should file a motion for expenses which included an affidavit and bill of attorneys' fees and expenses by February 27, 2008, and that plaintiff should respond by March 5, 2008.

On February 14, 2008, defendant filed a motion requesting the court modify the scheduling order, due in part to plaintiff's failure to provide the requested discovery (doc. 59).  On February 22, 2008, the court granted the motion, extending the discovery and dispositive motions deadlines, and also rescheduling the final pretrial conference (doc. 64).

On February 20, 2008, plaintiff filed a motion seeking review of the undersigned's February 13, 2008 order (doc. 61). On April 1, 2008, the presiding U.S. District Judge, Hon. Carlos Murguia, entered a memorandum and order denying plaintiff's motion for review (doc. 79).

On April 21, 2008, defendant filed its renewed motion for sanctions now at issue (doc. 89). On April 24, 2008, the court entered a text order noting the final pretrial conference was May 2, 2008, and expediting the briefing with regard to this motion (doc. 90). The court also indicated it intended to hear argument on the motion during the final pretrial conference.

After argument, the court reiterated to plaintiff that defendant had served written discovery asking fairly clear questions and was entitled to complete clear, sworn answers. The court also stated that plaintiff's disobedience of the court's orders regarding these discovery requests was substantially unjustified. While not formally ruling the motion, the court indicated to the parties it would likely not recommend dismissal of plaintiff's case as requested by defendant, but rather would likely fashion a remedy tailored to the discovery abuse in question, i.e., striking plaintiff's claim for lost earnings. Again, giving plaintiff one last opportunity, the court suggested that, after the conference, plaintiff's counsel and plaintiff carefully review the concerns articulated by defendant in its reply brief. The court gave plaintiff until May 6, 2008, the following Tuesday, to fully comply with October 29, 2007 order. The court directed that upon receipt of the outstanding discovery, defendant should file a certificate indicating the disputed issues had been resolved.

On May 9, 2008, plaintiff filed his Suggestions in Opposition to Defendant's Motion for Contempt ("suggestions in opposition") (doc. 104).  In this brief, plaintiff argues he provided the information responsive to the discovery requests, that the level of detail sought by these requests is far beyond the "reasonable" inquiry standard set forth in Rule 26(g)(1), and the discovery sought is unreasonably cumulative or duplicative.  Lastly, plaintiff argues that information regarding "[a]ny ephemeral and peripheral part-time or ad hoc work situations" is not relevant since such situations do not constitute "employment."

On June 10, 2008, defendant filed its supplemental notice in support of its renewed motion for sanctions ("supplemental notice") (doc. 112).  Defendant argues it completed plaintiff's deposition on June 2, 2008, during which plaintiff conceded he still had not identified all former employers and income to Deffenbaugh.[1]  Defendant claims plaintiff also identified several additional employers he had not previously disclosed, and when asked why he had failed to do so, he stated he forgot.[2]  Defendant also argues plaintiff stated he had prepared and filed a tax return for 2007 and agreed to produce the same to his counsel.  Defendant claims at the time of the filing of its supplemental notice, its had still not been provided a copy of the 2007 tax return by either plaintiff or his counsel.

### III.  Analysis and Discussion

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), defendant seeks dismissal of this case as the sanction for plaintiff's failure to fully comply with the October 29, 2007 order.  In the

---

[1] Plaintiff's Deposition Transcript at 181-187 (*see* doc. 112-2, Ex. A).

[2] *Id.*

alternative, defendant seeks attorneys' fees and expenses.[3]

The court flatly rejects the arguments presented by plaintiff in his suggestions in opposition. Plaintiff argues he has provided defendant with all the information responsive to these discovery requests, however, during his deposition testified he had not. As noted above, when defendant filed its supplemental notice, defendant still was awaiting a copy of plaintiff's 2007 tax return. As to plaintiff's arguments that the information sought is irrelevant and unreasonably duplicative, these arguments should have been made in response to defendant's motion to compel, which plaintiff failed to file.

"A district court undoubtedly has discretion to sanction a party for . . . failing to comply with local or federal procedural rules."[4]

> Rule 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery" and specifies as an available sanction "[a]n order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C). The court has discretion in selecting the appropriate sanction, but that discretion "'is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery.'" *The Proctor and Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). Because of its harshness, dismissal with prejudice is reserved for those cases involving "willfulness, bad faith, or [some] fault" by the party to be sanctioned. *Chavez v.*

---

[3] At the pretrial conference, the court asked defendant if it was seeking attorneys' fees with regard to the instant motion since there was no language in the motion indicating such. On the record, defendant stated that it is seeking attorneys' fees, as an alternative relief, in the event the court does not find that dismissal is warranted.

[4] *Llama ex rel. D.T. Jr. v. City of Topeka, Kan.*, No. 04-4080, 2005 WL 767848, at *4 (D. Kan. Mar. 8, 2005) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)).

*City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation marks and citations omitted). "'Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort.'" *The Proctor & Gamble Co.*, 427 F.3d at 738 (quoting *Ehrenhaus*, 965 F.2d at 920). The following factors are to be considered before dismissing the case as a sanction: "'(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002)). Dismissal is appropriate if "'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).[5]

With regard to the first factor, the court finds defendant has been prejudiced by plaintiff's *continued* failure to provide the requested discovery. Plaintiff's failure to timely provide defendant with specific information and documents regarding his employment after his separation from defendant and income information has hindered defendant's ability to conduct meaningful discovery regarding plaintiff's claim for lost earnings and adequately prepare for trial. Defense counsel has expended considerable time and effort in contacting plaintiff in their attempts to obtain the requested discovery. Defendant also has had to expend additional time and resources to file and respond to numerous filings related to plaintiff's disregard for the court orders. In addition, because of plaintiff's failure to timely

---

[5] *Dougherty v. City of Stockton*, No. 05-4145, 2006 WL 2548192, at *1 (D. Kan. Aug. 29, 2006) (footnote omitted). Fed. R. Civ. P. 37(b)(2) was amended December 1, 2007 such that the sanctions for disobeying a discovery order are now set forth as subsections of Fed. R. Civ. P. 37(b)(2)(A).

produce the requested discovery, the completion of his deposition was delayed until after discovery had closed, and even after the final pretrial conference.  In fact, the court's docket reflects defendant filed its dispositive motion (doc. 106), and responded to plaintiff's dispositive motion (doc. 111), without the benefit of having all the information which had been ordered produced on October 29, 2007.

The second factor concerns interference with the judicial process.  "Failure to comply with the rules of discovery often makes it impossible for cases 'to proceed with any degree of regularity or to be resolved in a "just, speedy and inexpensive" manner.'"[6]  As stated above, plaintiff's noncompliance with the court's October 29, 2007 order has resulted in the filing of two additional motions, the necessity of a telephone conference, and the filing of a supplemental brief.  Further, plaintiff's repeated failure to provide the requested discovery caused delays in the entire discovery process prompted the need for extension of the discovery deadline and rescheduling of the final pretrial conference.

The third factor concerns the culpability of plaintiff and/or his counsel, Larry D. Coleman.  During the pretrial conference, plaintiff's counsel stated plaintiff required assistance from family members and others in preparing responses to defendant's various discovery requests.  Counsel claimed that, as a result, plaintiff routinely provided him with information responsive to the various requests in a piecemeal fashion.  The court, however, finds this does not justify plaintiff's repeated failure to provide defendant with fully

---

[6] *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 649 (D. Kan. 1999) (quoting *FDIC v. Renda*, 126 F.R.D. 70, 73 (D. Kan. 1989)).

compliant responses.  Notwithstanding when and how plaintiff provided his counsel with information responsive to the discovery requests, counsel was still obligated to take whatever steps were necessary to secure the requested information, and then assure plaintiff's responses, either the initial or supplemental, were in a fully compliant form.  Nevertheless, the court finds plaintiff is also culpable.  Plaintiff conceded during his deposition that he had not provided defendant with a complete list of his former employers.  Plaintiff's excuse that he forgot is unacceptable.

The fourth factor concerns notice.  As the record reflects, plaintiff was warned in the court's written orders of December 26, 2007 (doc. 36) and February 13, 2008 (doc. 58), and again during the May 2, 2008 final pretrial conference, that if he did not comply with the court's October 29, 2007 order, the court would seriously consider dismissal as a discovery sanction.  Notwithstanding these warning, plaintiff repeatedly ignored the court's warnings.

The fifth and final factor concerns the efficiency of imposing a lesser sanction.  While the aggravating factors discussed above clearly warrant the imposition of sanctions against plaintiff, the court believes dismissal is not appropriate.  A lesser sanction is appropriate.

Given the persistent lack of evidence produced by plaintiff regarding his employment after his separation from defendant and income, plaintiff's $30,000 claim for lost earnings should be stricken from paragraph 10(a) of the final pretrial order (doc. 105).  But plaintiff should still be allowed to pursue his claims for "deprivation of rights" and "compensatory damages," each in the amount of $1.5 million.

Lastly, pursuant to Fed. R. Civ. P. 37(a)(5)(A) and (b)(2)(C), the undersigned

certainly could also award attorneys' fees and expenses in connection with the instant motion. But the recommended sanction of striking part of plaintiff's claim for damages is adequate under the circumstances, especially since defendant has been awarded, under separate order entered today, an award of $1,500.00 in attorneys' fee with regard to plaintiff's deficient discovery compliance.

## IV.   Order

For the above-stated reasons, the undersigned recommends that Judge Murguia deny defendant's pending motion for sanctions to the extent it seeks dismissal of this case, but instead strike plaintiff's claim for lost earnings.

Plaintiff is advised that, within ten days after being served with a copy of this report and recommendation, he may file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Plaintiff must file any objections within said ten-day period allowed if he wants to have any appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 21st day of July, 2008 at Kansas City, Kansas.


    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge