## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BILL HOPSON,                          )
                                      )
                Plaintiff,            )
                                      )        **CIVIL ACTION**
v.                                    )
                                      )        **Case No. 07-2232-CM**
DEFFENBAUGH DISPOSAL SERVICE,         )
INC.,                                 )
                                      )
                Defendant.            )
_____)

## MEMORANDUM AND ORDER

This race discrimination case is before the court on two motions regarding ongoing discovery disputes in this case: Defendant's Renewed Motion for Sanctions (Doc. 89) and defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 132). Because defendant requested dismissal of the case in Doc. 89, Magistrate Judge O'Hara prepared a Report and Recommendation, filed on July 21, 2008, recommending that the court strike a portion of plaintiff's claim for damages as a sanction instead of dismissing the case (Doc. 123). Plaintiff timely filed objections to the Report and Recommendation (Doc. 128). The court now resolves plaintiff's objections and the related motion for sanctions filed by defendant pursuant to 28 U.S.C. § 1927.

**I.**      **Report and Recommendation on Doc. 89**

A.      Factual Background

The following timeline provides a brief procedural history of the disputes surrounding two of defendant's discovery requests:

- ► **September 24, 2007**: Defendant filed a motion entitled "Defendant's Unopposed Motion for Extension of Time to File a Motion to Compel" (Doc. 23). Despite the title, the text of the motion revealed that plaintiff actually opposed the motion.

- ► **September 26, 2007**: Before plaintiff responded, Judge O'Hara granted the motion, giving

defendant until October 12 to file a motion to compel (Doc. 24).

▸    **October 12, 2007**: Defendant filed its first motion to compel plaintiff to respond to Interrogatory No. 2 and Request No. 6 (Doc. 28), which sought details concerning plaintiff's past and present employment and employment efforts, and copies of plaintiff's income tax returns and related information.

▸    **October 29, 2007**: Judge O'Hara granted defendant's motion to compel as unopposed pursuant to D. Kan. Rule 7.4.  (Doc. 29).  The court ordered plaintiff to provide a complete answer to Interrogatory No. 2, to produce documents responsive to Request No. 6, and to execute an authorization for employment records referred to in Interrogatory No. 2, all by November 9, 2007.

▸    **December 7, 2007**: Defendant filed a motion to compel compliance with the court's October 29, 2007 order (Doc. 31).

▸    **December 26, 2007**: Judge O'Hara denied the relevant part of defendant's motion to compel without prejudice to defendant's right to re-file a motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) (Doc. 36).  Judge O'Hara also admonished plaintiff that "in the hopefully unlikely event that he does not completely comply with the court's prior order compelling the subject discovery by [January 7, 2008], the undersigned will seriously consider recommending dismissal of this case as a discovery sanction."

▸    **January 18, 2008**: Defendant filed a motion for sanctions, asserting that plaintiff had not complied with the court's October 29, 2007 order and that dismissal was appropriate (Doc. 41).

▸    **February 13, 2008**: Judge O'Hara granted in part and denied in part defendant's motion for sanctions (Doc. 58).  He found that "[d]espite being given multiple chances, plaintiff has still failed to completely comply with the court's October 29, 2007 order compelling his responses to Interrogatory No. 2 and Request No. 6."  He ordered plaintiff to completely respond to Interrogatory No. 2 and Request No. 6 by February 22, 2008, including providing his 2004 tax return and his complete 2005 tax return.  Judge O'Hara also ordered plaintiff to provide all information requested about his employment after his separation from defendant, including the details of his jobs and income information.  Finally, he found that an award of attorneys' fees and expenses was appropriate.

▸    **February 20, 2008**: Plaintiff filed a motion seeking review of Judge O'Hara's February 13, 2008 order (Doc. 61), which was denied by this court on April 1, 2008 (Doc. 79).

▸    **April 21, 2008**: Defendant filed the renewed motion for sanctions now before the court (Doc. 89).

▸    **May 2, 2008**: Judge O'Hara conducted a pretrial conference and addressed the renewed

-2-

motion for sanctions.  He gave plaintiff until May 6, 2008, the following Tuesday, to fully comply with the October 29, 2007 order.

▸   **May 6, 1008:** Defendant filed a Notice of Plaintiff's Noncompliance (Doc. 103), reporting that plaintiff had still not fully complied with the court's discovery orders.

▸   **May 9, 2008**: Plaintiff filed his Suggestions in Opposition to Defendant's Motion for Contempt (Doc. 104).  In this brief, plaintiff contends that (1) he provided information responsive to the discovery requests and has executed an authorization enabling defendant to obtain all of his employment records; (2) the information regarding "[a]ny ephemeral and peripheral part-time or ad hoc work situations" is not relevant because such situations are not "employment"; (3) the level of detail sought exceeds the "reasonable" inquiry standard of Rule 26(g)(1); and (4) the requested discovery is unreasonably cumulative or duplicative.

▸   **June 2, 2008**: Defendant completed plaintiff's deposition, during which plaintiff indicated that he had not previously identified all former employers and income.  Plaintiff also indicated that he had prepared and filed a tax return for 2007, but defense counsel had not yet received a copy of the 2007 tax return as of June 9, 2008.

B.   <u>Discussion</u>

Judge O'Hara recommends sanctioning plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(A). Although defendant sought dismissal of the case, Judge O'Hara determined that striking defendant's $30,000 claim for lost earnings from the pretrial order was a more appropriate sanction.  Plaintiff objects to the sanction, making arguments that will be discussed below.

When considering a Report and Recommendation on a dispositive motion, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).[1]  In its review, the court must "consider relevant evidence of record and not merely review the magistrate judge's

_____

[1] Both parties assume that the standards for reviewing an order on a nondispositive motion apply because Judge O'Hara did not recommend dismissal.  Because the nature of the relief sought in defendant's motion (but not recommended by Judge O'Hara) is dispositive, the court determines that it should apply de novo review.  But if the court were to accept the parties' position and apply a "clearly erroneous or contrary to law" standard, the court would also overrule plaintiff's objections. Judge O'Hara applied the appropriate standards for evaluating sanctions and did so in a reasonable manner.  In this order, the court only applies differing standards for evaluating sanctions because dismissal of the case is no longer requested.

recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

With this standard of review in mind, the court turns to the legal standards for sanctioning a party. Within its discretion, the court may sanction a party for failure to comply with procedural rules, whether local or federal. *Llama ex rel. D.T. Jr. v. City of Topeka, Kan.*, No. 04-4080, 2005 WL 767848, at *4 (D. Kan. Mar. 8, 2005) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). Specifically, sanctions are available for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Although the court has discretion to select the appropriate sanction, that discretion "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005) (citation and internal quotation marks omitted). The court must consider the purposes that imposing sanctions will serve, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990) (considering sanctions under Rule 11, whose principles also apply to sanctions under Rules 26 and 37, *see In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1162 n.20 (D. Kan. 2000) (citations omitted)). On a case-by-case basis, the court considers whether substantial justification supports a party's failure or whether other circumstances render sanctions inappropriate. *In re Westinghouse Elec. Corp. Uranium Contracts Litig.*, 563 F.2d 992, 997 (10th Cir. 1977) (citation omitted).

Here, although defendant sought dismissal as a sanction, Judge O'Hara determined that dismissal was not appropriate. Defendant does not object to that recommendation. This court therefore examines whether the sanction proposed by Judge O'Hara is just and related to the discovery disputes at issue.

-4-

Plaintiff argues that the sanction is not just for the following reasons: (1) because Judge O'Hara inappropriately granted defendant's September 24, 2007 "unopposed" motion for extension of time, all disputes over the discovery since that time should not have occurred, and any sanctions awarded are the "fruit of the poisonous tree"; (2) plaintiff is a man of limited education and merely supplemented discovery responses to the best of his ability; (3) defendant is contriving this discovery battle to "distort the perception of the Court"; (4) defendant has not been prejudiced because it has been able to file repeated motions for sanctions and dispositive motions; (5) striking plaintiff's damages claim is extremely harsh; and (6) the discovery is unnecessary and sanctions are inappropriate for all of the reasons stated in plaintiff's May 9, 2008 suggestions in opposition to defendant's renewed motion for sanctions.

Plaintiff's first argument lacks merit.  He cites no authority for application of the criminal "fruit of the poisonous tree" doctrine to this instance.  Moreover, even if the court were to assume without deciding that Judge O'Hara's original order granting defendant additional time to file a motion to compel was in error, plaintiff did not timely object to that order.  His failure to object precludes further review by this court.  *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order [on a nondispositive matter] within 10 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.").

Second, plaintiff's limited education does not render sanctions unjust.  Even if plaintiff needed help from his family to prepare his answers to discovery requests, counsel was obligated to ensure that plaintiff gave full and accurate responses to the discovery requests.  The court does not accept plaintiff's excuse in deposition that he forgot former employers.  Plaintiff had adequate time before his deposition to prepare a complete list of former employers.  Judge O'Hara ordered plaintiff to provide complete answers to discovery nearly a year ago, and over seven months before his

deposition.

Third, the court determines that defendant did not "contrive" this discovery battle. Judge O'Hara has advised plaintiff on multiple occasions that his reasons for objecting to the discovery are not valid. Defendant is justified in pursuing the discovery at issue, and the court finds no bad faith on the part of defendant.

As for plaintiff's fourth argument, the court finds that defendant has, in fact, suffered prejudice as a result of plaintiff's continued failure to provide the requested discovery. As a result of plaintiff's repeated refusal to comply with Judge O'Hara's orders, defendant has been unable to conduct meaningful discovery regarding plaintiff's claim for lost earnings. The number of filings on this issue alone demonstrate the amount of time and resources that defendant has had to expend in its efforts to obtain the requested discovery.

Fifth, the court finds that the sanction suggested by Judge O'Hara is not "extremely harsh." Rather, the sanction is tailored to the discovery violations at issue. Judge O'Hara's proposal is logical, well-reasoned, just, and related to the discovery disputes.

Finally, plaintiff's "catch-all" argument also does not require relief. As previously mentioned, in his May 9 brief, plaintiff contended that he did not need to turn over additional discovery for several reasons. But Judge O'Hara ordered plaintiff to answer defendant's discovery on October 29, 2007. Plaintiff did not timely object to this order, which precludes further review by this court. *See* Fed. R. Civ. P. 72(a).

Because none of plaintiff's arguments justify relief, and as a result of the court's own evaluation of what sanctions would be just and related to the discovery violations at issue, the court determines that plaintiff's $30,000 claim for lost earnings should be stricken from paragraph 10(a) of the final pretrial order (Doc. 105). In reaching this decision, the court has considered the purposes

of imposing sanctions.  Specifically, the court finds that this particular sanction will fulfill all four of the purposes identified in *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).  For all of the reasons set forth above, the court concludes that plaintiff's failure to provide the discovery is not substantially justified and that no other considerations render sanctions inappropriate.  Plaintiff may still pursue his alternative damages theories, which total $3 million.  Defendant did not object to Judge O'Hara's determination that an award of attorney fees and expenses was unnecessary, and the court will not modify that portion of the Report and Recommendation.

The court therefore adopts the Report and Recommendation dated July 21, 2008 (Doc. 123) in its entirety.  Plaintiff's objections are overruled.

## II.    Motion for Sanctions Pursuant to 28 U.S.C. § 1927

Defendant asks the court to award defendant its attorney fees incurred in responding to plaintiff's objections to the Report and Recommendation addressed above and in preparing the instant motion.  Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The court may impose § 1927 sanctions "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).  The court reserves awards for "instances evidencing a serious and standard disregard for the orderly process of justice," bearing in mind the "need to ensure that the statute does not dampen attorneys' zealous representation of their clients' interests."  *Ford Audio Video Sys., Inc. v. AMX Corp., Inc.*, 1998 WL 658386, at *3 (10th Cir. Sept. 15, 1998) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotations omitted)).

Although the court overruled plaintiff's objections to the Report and Recommendation, the court does not find that plaintiff's arguments were so unreasonable as to warrant § 1927 sanctions. Both parties have vigorously represented their clients' interests in this case. Because Judge O'Hara recommended the sanction of striking a claim for damages—a sanction valued as high as $30,000—the court does not fault plaintiff for objecting to the sanction with good faith, albeit ultimately meritless, arguments. The court determines that plaintiff's counsel's actions did not "manifest[] either intentional or reckless disregard of the attorney's duties to the court." *Braley*, 832 F.2d at 1512. Defendant's request for § 1927 sanctions is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Report and Recommendation of the United States Magistrate (Doc. 128) is overruled.

**IT IS FURTHER ORDERED** that the court adopts the Report and Recommendation of Judge O'Hara (Doc. 123).

**IT IS FURTHER ORDERED** that Defendant's Renewed Motion for Sanctions (Doc. 89) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 132) is denied.

Dated this 17th day of October 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**