**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BILL HOPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | Case No. 07-2232-CM |
| **DEFFENBAUGH DISPOSAL SERVICE,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Bill Hopson brings this race discrimination case against his former employer, defendant Deffenbaugh Disposal Service, Inc., pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Plaintiff, a black man, claims that defendant (1) subjected him to a hostile work environment, (2) treated him differently than his non-black co-workers, including terminating him, and (3) retaliated against him. The case is before the court on Defendant's Motion for Summary Judgment (Doc. 106) and Plaintiff's Motion for Summary Judgment (Doc. 108).

**I. Factual Background**[1]

Defendant hired plaintiff in 2003 as an outside lube technician in defendant's truck shop. Robert Pickens, a supervisor in the truck shop, interviewed and hired plaintiff. Mr. Pickens supervised plaintiff for the duration of his employment—until he terminated plaintiff on May 10, 2006.

During all relevant times, plaintiff worked with Jim Huntington, another lube technician who

---

[1] The court construes the facts in the light most favorable to plaintiff for purposes of this Memorandum and Order. The court has included only those facts which are relevant, material, and properly supported by the record.

previously was incarcerated with plaintiff at Lansing Correctional Facility. Mr. Huntington is white.

Plaintiff claims that Mr. Pickens engaged in a number of acts targeted at plaintiff because he was black, including using vulgar hand gestures, flipping cigarettes at him, putting lit cigarettes in plaintiff's pockets, tossing plaintiff's paycheck on the floor and stomping on it, using derogatory terminology to refer to Martin Luther King Day, and throwing coffee on plaintiff on April 18, 2006.

After Mr. Pickens threw coffee on plaintiff, plaintiff completed an incident report. The incident report does not reference race or allege that Mr. Pickens's act was racially discriminatory. Mr. Pickens was aware that plaintiff prepared a written incident report and that plaintiff discussed the incident with Beverly Taylor, an administrative assistant to Mr. Pickens's supervisor. But Mr. Pickens was unaware that plaintiff allegedly made any complaint related to race.

On the day that Mr. Pickens terminated plaintiff's employment, Mr. Pickens had been looking for plaintiff and was unable to find him. Over a one-to-two hour period, Mr. Pickens went to plaintiff's work station on multiple occasions. Each time, Mr. Huntington told Mr. Pickens that he did not know where plaintiff was. When Mr. Pickens located plaintiff, he told him that he had been gone from his work area too long. Plaintiff responded by arguing and telling Mr. Pickens that if he had a problem with him going to the restroom too much, they could go down to the office. Mr. Pickens replied, "No[,] you can go down and talk to somebody in the office. As far as I'm concerned, you're fired."

The next day, Mr. Pickens prepared the necessary Personal Action Form, stating, "Not in work area when he is supposed to be. Can't find him for hour at a time, ongoing for a long time. Always offensive when asked about where he has been."

## II.     Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The filing of cross-motions for summary judgment does not change the standard of review. *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.").

**III.    Analysis**

**A.    Hostile Work Environment Claim**

To prevail on his hostile work environment claim, plaintiff must establish that his work environment was hostile and that defendant is liable for the hostile environment. *Adler*, 144 F.3d at 672–73. An employer is liable for a hostile work environment when it had actual or constructive knowledge of the hostile work environment and did not adequately respond to notice of the harassment. *Ford v. West*, 222 F.3d 767, 775–76 (10th Cir. 2000); *Adler*, 144 F.3d at 673. Constructive knowledge exists when the harassment is so pervasive that the employer should have known about it. *Adler*, 144 F.3d at 675. The harassment must be "'so egregious, numerous, and concentrated as to add up to a campaign of harassment.'" *Id.* (*citing Baker v. Weyerhaeuser Co.*, 903 F.2d. 1342, 1346 (10th Cir. 1990)). These standards apply to both § 1981 claims and Title VII claims. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1410 (10th Cir. 1997).

Here, plaintiff makes allegations of harassment that are sufficient to survive summary

judgment. He has not, however, made allegations sufficient to be entitled to summary judgment himself. There are genuine issues of material fact as to whether the incidents involved were so egregious and numerous that they constituted a campaign of harassment and that defendant had constructive knowledge of the hostile work environment. The court denies both motions on this claim.

**B.     Claims Relating to Plaintiff's Termination**

To determine whether plaintiff can survive summary judgment on his termination claims, the court applies the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Under *McDonnell Douglas*, plaintiff must first establish a prima facie case of racial discrimination and/or retaliation. If plaintiff carries that burden, defendant must then articulate a facially nondiscriminatory reason for the challenged employment action. *Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (citations omitted). If defendant makes such a showing, the burden reverts to plaintiff to prove the proffered nondiscriminatory reason is pretextual. *Id.* (citations omitted). Again, these standards apply to both plaintiff's § 1981 claims and Title VII claims. *See Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir 1994).

*1.     Disparate Treatment Claim*

Although plaintiff originally claimed that defendant "treated him differently than his non-black co-workers, including terminating him," plaintiff's briefs focus solely on his termination. Moreover, the only adverse action that plaintiff alleges is termination. *See Trujillo*, 157 F.3d at 1215 (requiring an adverse employment action for a disparate treatment claim) (citations omitted). The court considers any other disparate treatment claim abandoned. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–70 (10th Cir. 2001) (affirming district court's determination that the

plaintiff abandoned claims by failing to address those claims in response to the defendant's motion for summary judgment) (citation omitted).

Defendant does not contest that plaintiff can meet his burden of showing a prima facie case of disparate treatment with respect to his termination. Defendant offers a legitimate non-discriminatory reason for terminating plaintiff: plaintiff's supervisor was not able to locate him where he was supposed to be during work hours. The burden then returns to plaintiff to show evidence that defendant's proffered reason for termination was pretextual.

To establish pretext, plaintiff must show either that "a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Plaintiff may accomplish this by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951–52 (3d Cir. 1996)). Plaintiff's "mere conjecture that [his] employer's explanation is a pretext for intentional discrimination," however, "is an insufficient basis for denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988).

Plaintiff claims that the following facts demonstrate pretext:

a. James Huntington is a white male.
b. Huntington did not see Pickens question the plaintiff about the frequency of his restroom use.
c. Members of management of defendant requested that Huntington write the statement of May 10, 2006, which was somewhat critical of [plaintiff].
d. Otherwise, Huntington would not have written this statement except from request of supervisor.
e. Pickens considered [plaintiff] to be a friend of his.
f. Pickens claimed that he was "playing" with [plaintiff] when he put his check

     on the floor and stomped on it.
- g. Pickens denied subjecting [plaintiff] to any conduct to which white co-workers were not subjected. He claimed he treated white co-workers the same way he treated [plaintiff].
- h. Pickens was aware that defendant had an equal opportunity employee policy which requires fair and equitable treatment of all employees regardless of race.

(Pl. Concise Stmt. of Undisputed Material Facts, at 10.) Plaintiff also admits the following: (1) Mr. Pickens thought that plaintiff was away from his work area too long, (2) Mr. Pickens had come to plaintiff's work area on numerous occasions looking for plaintiff, and Mr. Pickens told him that he had not been able to find him, and (3) Mr. Pickens told plaintiff that when he was not on a break, he needed to be in his work area.

  Plaintiff fails to establish that he is entitled to summary judgment on this claim. To the contrary, the court concludes that no reasonable jury could find that defendant's proffered reason for terminating plaintiff was pretextual. None of the facts identified by plaintiff call into question defendant's reason for termination. Plaintiff has not identified "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in defendant's proffered reason for termination that "a reasonable fact finder could rationally find them unworthy of credence." *Morgan*, 108 F.3d at 1323.

  To the extent that plaintiff tries to compare Mr. Pickens's treatment of him to his treatment of Mr. Huntington, plaintiff has not offered any evidence that he and Mr. Huntington were similarly situated. *See Hysten v. Burlington N. & Santa Fe. Ry. Co.*, 296 F.3d 1177, 1182 (10th Cir. 2002) ("A plaintiff wishing to prove discriminatory animus with evidence that his employer treated him differently from other employees bears the burden of showing that the comparison is legally relevant-i.e., that the employees were similarly situated."). Plaintiff has not offered evidence suggesting that Mr. Huntington was frequently out of his work area or had been warned that he

-6-

needed to remain in his work area. *See Salquero v. City of Clovis*, 366 F.3d 1168, 1176 (10th Cir. 2004) ("[T]ypically, a plaintiff may show pretext . . . 'with evidence that . . . he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness.'" (citation omitted)). To the contrary, the evidence shows that often when Mr. Pickens was looking for plaintiff, he asked Mr. Huntington where plaintiff was. This evidence suggests that Mr. Huntington was where he was supposed to be.

Because plaintiff has not offered evidence to suggest that defendant's proffered reason for terminating him was pretextual, defendant is entitled to summary judgment on plaintiff's disparate treatment claim. Plaintiff's motion is denied on this issue.

## *2.   Retaliatory Discharge Claim*

For plaintiff to establish a prima facie case of retaliation, he must show: (1) that he engaged in protected opposition to discrimination; (2) "that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination'"; and (3) that a causal connection existed between the protected activity and the materially adverse action. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 n.2 (10th Cir. 2006) (*quoting Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2414–15 (2006)).

Plaintiff fails to offer evidence that he engaged in protected opposition to discrimination. He points only to his complaint that Mr. Pickens threw hot coffee on him. But plaintiff did not mention race in his report or otherwise indicate to Ms. Taylor that race may have played any part in the incident. In order to show that he engaged in protected activity, plaintiff must show that he opposed Title VII or § 1981 violations. *See* 42 U.S.C. § 2000e-3(a); *EEOC v. PVNF*, 487 F.3d 790, 803 (10th Cir. 2007). Merely complaining about an action—without complaining that it was race-

based—is insufficient to qualify as "protected opposition." Plaintiff fails to establish a prima facie case of retaliation. Defendant is entitled to summary judgment on this claim. Conversely, plaintiff is not.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 106) is denied in part and granted in part. Only plaintiff's claim for hostile work environment remains in the case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 108) is denied.

Dated this 18th day of November 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**