IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL HOPSON, )<br>)<br>Plaintiff, )<br>) | <br><br><br>CIVIL ACTION |
| v. )<br>) | <br>Case No. 07-2232-CM |
| DEFFENBAUGH DISPOSAL SERVICE, )<br>INC., )<br>)<br>Defendant. )<br>_____ ) | |

## MEMORANDUM AND ORDER

This race discrimination case is before the court on two motions: Defendant's Motion for Order to Show Cause Why Dismissal and Civil Contempt is Not Appropriate (Doc. 138) and Plaintiff's Motion to Strike Defendant's Motion for Order to Show Cause (Doc. 146). The case is set on the court's January trial docket. Defendant asks the court to order plaintiff's counsel to show cause why the court should not dismiss the case for his attorney's failure to pay the court-ordered $1500 due for defendant's fees and expenses related to a motion to compel.

Plaintiff's motion to strike contains no explanation of why his attorney has not yet paid the $1500. Instead, it contains a number of irrelevant arguments why the court should not consider defendant's motion. Specifically, plaintiff claims that defendant's motion is defective because it fails to comply with D. Kan. R. 15.1 and 7.3(b). Neither rule is applicable. Defendant does not seek to amend or file a pleading or other document that may not be filed as a matter of right. *See* D. Kan. R. 15.1 (discussing requirements for a motion to amend or for leave to file a pleading or other document). Nor does defendant seek reconsideration of a court order. *See* D. Kan. R. 7.3(b) (discussing requirements for filing a motion to reconsider). Plaintiff offers no valid basis for striking defendant's motion, and the court denies plaintiff's motion to strike.

Defendant's motion indicates that plaintiff's counsel has not yet paid $1500 in fees and expenses awarded on July 21, 2008. Initially, the court ordered counsel to pay defendant by August 15, 2008. The deadline was later extended until September 5, 2008. Plaintiff's counsel has neither paid the amount nor sought another extension. Defendant's counsel contacted plaintiff's counsel on three occasions in November, but plaintiff's counsel has not responded.

Plaintiff's counsel's actions are in direct contravention to a court order of which he was aware. Under such circumstances, an order of civil contempt may be proper. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). The court determines that defendant has met its burden of showing by clear and convincing evidence (1) the existence of a valid court order; (2) plaintiff's knowledge of the order; and (3) plaintiff's disobedience. *See id.* In order to avoid being held in contempt, plaintiff "must show either that [he] complied with the order or that [he] could not do so." *Id.*

The court therefore orders plaintiff's counsel to show cause why he should not be held in contempt, with dismissal of the case as a possible penalty. If counsel does not show cause, the court may dismiss the case as a penalty for counsel's noncompliance. Alternatively, the court may dismiss the case under Rule 41(b).

**In light of the upcoming trial, plaintiff's counsel is ordered to show cause on or before Wednesday, January 7, 2009. If counsel fails to do so, the court may dismiss the action, rendering the trial unnecessary.**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Order to Show Cause Why Dismissal and Civil Contempt is Not Appropriate (Doc. 138) is granted. **Plaintiff's counsel is ordered to show cause on or before Wednesday, January 7, 2009 why the court should not hold**

**him in contempt for failure to pay the outstanding $1500. If counsel fails to do so, the court may dismiss the action, rendering the trial unnecessary.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Motion for Order to Show Cause (Doc. 146) is denied.

Dated this 31st day of December 2008 at Kansas City, Kansas.

              s/ Carlos Murguia
              **CARLOS MURGUIA**
              **United States District Judge**