IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL HOPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-2232-CM |
| DEFFENBAUGH DISPOSAL SERVICE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This race discrimination case is before the court on three motions relating to an impending trial: Plaintiff's Motion in Limine with Respect to Tax Returns and Income of Bill Hopson (Doc. 148); Plaintiff's Motion in Limine with Respect to the Subject Matter of Prior Criminal Convictions and Related Matters (Doc. 149); and Defendant's Omnibus Motion in Limine (Doc. 150).

**I.** **Plaintiff's Motion in Limine with Respect to Tax Returns and Income of Bill Hopson (Doc. 148)**

Plaintiff asks the court to exclude evidence relating to plaintiff's tax information or the timeliness of the filing of his tax returns. But plaintiff already stipulated in the pretrial order to the admission of his tax records. *See* Pretrial Order, Doc. 105, ¶ 4.b. (containing stipulations that certain business records are admissible, without reserving any objections as to relevancy). He has not demonstrated that he will suffer manifest injustice if the court fails to amend the pretrial order. *See* Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (placing burden on the party seeking to amend the pretrial order).

In any event, based on the information presently before the court, it appears that plaintiff's

tax information goes to plaintiff's credibility. Under Rule 608(b), evidence that plaintiff provided false information under oath is probative of his truthfulness or untruthfulness. The court determines that evidence relating to plaintiff's taxes is relevant and that any unfair prejudice does not substantially outweigh its probative value. Plaintiff's motion is overruled based on the arguments now before the court.

## II.     Plaintiff's Motion in Limine with Respect to the Subject Matter of Prior Criminal Convictions and Related Matters (Doc. 149)

### A. Prior Felony Conviction

Plaintiff first asks the court to exclude evidence regarding the nature of his felony convictions that preceded his job with defendant. Defendant agrees not to refer to or introduce evidence regarding the basis of the two prior convictions from 2000. This portion of plaintiff's motion is granted. Defendant may, however, present evidence (1) that the convictions were felonies; (2) of the length of the sentence; and (3) that plaintiff and others know each other from serving time at Lansing.

### B. Subsequent Felony Conviction

Plaintiff also asks the court to exclude evidence of a 2007 conviction for possession of cocaine. The 2007 conviction occurred after the alleged incidents at issue in this case. Defendant submits that plaintiff's arrest for cocaine possession is directly relevant to the case because plaintiff claims that his supervisor, Bob Pickens, harassed plaintiff about being gone from his work area. Plaintiff claims he was going to the restroom. Defendant contends that the evidence will show that plaintiff was meeting Marion Erwin and Heather Franklin in the parking lot. Ms. Erwin was convicted with plaintiff of possessing cocaine. Ms. Franklin was Ms. Erwin's roommate. Defendant

asks the court to allow the jury to make permissible inferences about plaintiff's activities when he claims he was using the restroom.

The court is unable to make a determination at this time whether plaintiff's cocaine conviction is relevant to the issues that will be tried and whether plaintiff will suffer unfair prejudice by its introduction that substantially outweighs the evidence's probative value. Before beginning to elicit evidence about the conviction at trial, defendant should ask to approach the bench. The court will hear argument at that time about the admissibility of the evidence and make a determination about its admissibility based on the evidence that has been presented at trial. This portion of plaintiff's motion is denied without prejudice. Defendant should not, however, discuss the evidence in its opening statement.

### C. Convictions of Any Other Witness with a Criminal Record

Plaintiff also asks the court to exclude evidence of all prior convictions of Jim Huntington and any other witnesses plaintiff may call. The court does not have sufficient information at this time to grant plaintiff's request. This portion of plaintiff's motion is denied without prejudice. Plaintiff may raise the objection if and when appropriate at trial.

## III. Defendant's Omnibus Motion in Limine (Doc. 150)

### A. Lost Earnings

Plaintiff concedes that he will not seek lost earnings damages. This portion of defendant's motion is denied as moot.

### B. "Deprivation of Rights" Damages

The Pretrial Order states that plaintiff seeks $1.5 million in damages for "deprivation of rights." Defendant contends that "deprivation of rights" is not a separate element of damages under either Title VII or Section 1981. Plaintiff responds that *Hampton v. Dillard Department Stores, Inc.*,

-3-

247 F.3d 1091, 1101 (10th Cir. 2001) authorizes a claim for "deprivation of rights" damages.

The court has reviewed *Hampton* and finds no support for plaintiff's position in the case. While damages may be an appropriate remedy for deprivation of one's rights to be free from a hostile work environment, *Hampton* does not support "deprivation of rights" as a separate category of damages. Defendant's motion is granted on this issue.

C.     Compensatory Damages Other than Plaintiff's Own Testimony Regarding Alleged "Humiliation" and "Pain"

Defendant asks the court to exclude evidence of compensatory damages other than that for humiliation and pain because in his Rule 26 disclosures, plaintiff only categorized his compensatory damages as "humiliation" and "pain," and he never produced any documents in support of his claim for damages. *Cf.* Rule 26(a)(1)(A)(iii) (requiring the plaintiff provide "a computation of each category of damages claimed" and "documents and other evidentiary material . . . including materials bearing on the nature and extent of injuries suffered").

A party may not use information at trial that he failed to provide as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c). Plaintiff does not deny that he failed to provide any other information relating to damages in his pretrial disclosures. Defendant did not provide the disclosures for the court to review, but if defendant's proffer is correct, then the court will not allow plaintiff to present evidence of compensatory damages in addition to humiliation and pain. This portion of defendant's motion is provisionally granted, subject to presentation of the supporting disclosures at trial.

D.     Reference to Plaintiff's Illness Allegedly Due to the Work Environment at Deffenbaugh

Defendant asks the court to bar evidence that plaintiff "kept getting sick" from the "trash" and "stuff" at work. Plaintiff claims that illness from work is another form of compensatory damages.

-4-

To the extent that plaintiff's sickness arose from "stuff" other than the alleged racially hostile work environment at issue in this case, it is not relevant to the issues before the court. At this time, the court cannot determine from what "stuff" plaintiff claims he became ill. To the extent that plaintiff intends to introduce evidence that defendant did not provide a healthy working environment for its employees, such evidence is not relevant and defendant's motion is granted.

E. <u>Any Testimony From or About Former Deffenbaugh Employee Larry Brooks</u>

Defendant asks the court to preclude any testimony from or about Larry Brooks because plaintiff failed to provide correct contact information for him during discovery. Defendant states that any reference to Mr. Brooks or testimony about Mr. Brooks by others would be inadmissible hearsay. Plaintiff responds that he does not have the contact information and that he should not be faulted for Mr. Brooks's appearance if he "providentially appear[s] at trial."

In the unlikely event that Mr. Brooks appears at trial, the court will determine at that time whether to allow him to testify and, if so, under what conditions. At this time, the court cannot rule whether any evidence about Mr. Brooks would be inadmissible hearsay. Defendant's motion on this point is denied without prejudice.

F. <u>Incidents of Alleged "Harassment" or Racial Discrimination Not Included in the Pretrial Order</u>

Plaintiff specifies nine alleged incidents of harassment by Bob Pickens in the Pretrial Order. The Pretrial Order "supersedes the pleadings and controls the subsequent course of litigation." *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997) (citing *Hullman v. Bd. of Trustees*, 950 F.2d 665, 668 (10th Cir. 1991)). To the extent that plaintiff intends to present evidence of additional incidents of harassment (which is not clear), defendant's motion is granted on this issue.

G. <u>Allegations Related to Deffenbaugh Employee Judy Quinn Supposedly Having Sex at</u>

Deffenbaugh

Plaintiff plans to introduce evidence that Judy Quinn, a security guard who kept a log on plaintiff's visitors in the parking lot, engaged in sex on the job. Plaintiff argues that such evidence goes to her credibility. Defendant contends that it is irrelevant and highly prejudicial.

Evidence of Ms. Quinn having sex while on the job is marginally relevant to her credibility, at best. But even if the court were to find the evidence appropriate under Rule 608(b), it still must conduct the Rule 403 balancing test. *See United States v. Atwell*, 766 F.2d 416, 420 (10th Cir. 1985). The court determines that such evidence's limited probative value is substantially outweighed by the danger of unfair prejudice. Defendant's motion is granted on this point.

H.     Former Deffenbaugh Supervisor Lorenzo Gilyard, Who Pleaded Guilty to Murder

Plaintiff plans to introduce evidence that one of defendant's former supervisors is a convicted serial killer. Plaintiff claims that the former supervisor Lorenzo Gilyard's convictions show the lack of control that defendant exercised over its supervisors.

The court is familiar with the convictions of Mr. Gilyard and is unlikely to admit evidence about Mr. Gilyard in the absence of a showing that connects his situation to the instant case. At this point, plaintiff has not shown that the evidence has any probative value. The court therefore grants defendant's motion on this issue. Evidence regarding Mr. Gilyard will be excluded unless plaintiff can offer a more direct connection in time and circumstance to the case before the court.

I.     Allegations that Deffenbaugh's Reason for Terminating Plaintiff was Because Plaintiff "Was Consorting with White Females"

Defendant asks the court to exclude evidence that defendant terminated plaintiff because he was "consorting with white females" because this allegation relates to a termination claim that is no longer part of the case. Plaintiff responds that his discharge was the final act of race-based

-6-

harassment.

While plaintiff's termination may not be one of the specific acts that he listed in his claim of a hostile work environment, evidence that Mr. Pickens terminated plaintiff because he consorted with white females may be probative of his motivation for taking the specific acts against plaintiff. Although the jury will not be determining whether plaintiff's termination was unlawful, evidence tending to show that Mr. Pickens took actions against plaintiff because of his race are relevant to his hostile work environment claim. This portion of defendant's motion is denied.

J.     Lay Opinions Regarding the Perceived Motivations of Deffenbaugh

Finally, defendant asks the court to exclude testimony that Mr. Pickens is "racist," a "bigot," a "harasser," or that his actions were "discriminatory" or "harassment." Fed. R. Evid. 701 provides that a lay witness's testimony in the form of opinions or inferences must be "rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Words such as those identified above go to the heart of what the jury must decide in this case: whether Mr. Pickens created a hostile work environment based on plaintiff's race. Allowing a lay witness to use this racially-charged and legal terminology would invade the province of the jury. Witnesses may describe Mr. Pickens's demeanor and actions, but they should refrain from using the terminology identified above when describing Mr. Pickens or his actions. Defendant's motion is granted on this issue.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine with Respect to Tax Returns and Income of Bill Hopson (Doc. 148) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine with Respect to the Subject

-7-

Matter of Prior Criminal Convictions and Related Matters (Doc. 149) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant's Omnibus Motion in Limine (Doc. 150) is granted in part and denied in part.

Dated this 21st day of January 2009, at Kansas City, Kansas.

                                      **s/ Carlos Murguia**
                                      **CARLOS MURGUIA**
                                      **United States District Judge**