## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BILL HOPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case No. 07-2232-CM** |
| **DEFFENBAUGH DISPOSAL SERVICE,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This post-trial race discrimination case is before the court on Plaintiff's Renewed Motion for Judgment as a Matter of Law; and Alternatively, Motion for New Trial and to Alter or Amend the Judgment Pursuant to Rule 59 (Doc. 180). At trial, the jury found that plaintiff was not subjected to a hostile work environment. Because the jury did not find that a hostile work environment existed, it did not reach the questions of whether defendant was liable for the conduct of its supervisor or whether plaintiff was entitled to compensatory or punitive damages.

In his motion, plaintiff requests judgment as a matter of law in his favor because: (1) no reasonable jury could have concluded that plaintiff did not suffer a hostile work environment; (2) the court incorrectly instructed the jury on supervisory liability; and (3) the court erroneously refused to admit proffered exhibits 18-21. Plaintiff also asks the court for a new trial because the judgment was against the weight of the evidence and because there was a miscarriage of justice. He asks the court to alter or amend judgment to "conform to the actual evidence and to conform to the actual law."

## I.      <u>Standards for Judgment</u>

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue

during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).  The trial court should not "lightly presume the decision of a reasonable juror, [and] judgment 'may be granted only if the evidence points but one way and is susceptible to no reasonable inference which may support the opposing party's position.'"  *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1239 (10th Cir. 2001) (quoting *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001)).  In its review, the court should not weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury.  *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1068 (10th Cir. 1998) (citation omitted).  Instead, the court should construe all evidence and the inferences therefrom in the light most favorable to the nonmoving party.  *Phillips*, 244 F.3d at 796 (citation omitted).

Motions for new trials are "not regarded with favor and should only be granted with great caution."  *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).  The court should grant a new trial only in limited circumstances where "the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done."  *Wirtz v. Kan. Farm Bur. Servs., Inc.*, 311 F. Supp. 2d 1197, 1226 (D. Kan. 2004) (internal quotation marks and citation omitted); Fed. R. Civ. P. 59(a).

The court may alter or amend a judgment on the following bases: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**II.**   **Discussion**

**A.**   **Whether the Evidence Supported the Verdict**

Viewing the evidence in the light most favorable to defendant, a reasonable jury could find

that plaintiff was not subjected to a hostile work environment.  Based upon the evidence, the jury could have believed that any harassment was not because of plaintiff's race.  The jury also could have believed that any harassment was not sufficiently severe or pervasive as to alter the conditions of plaintiff's employment.  *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (requiring severity and pervasiveness).  And the jury could have concluded that any harassment was neither subjectively or objectively severe or pervasive.  *See Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (requiring objective and subjective elements).  Any of these conclusions were adequately supported by the evidence, and the court does not find that the verdict was against the weight of the evidence.  There is also nothing in the record to support a finding that substantial justice was not done or that the verdict is manifestly unjust.  Plaintiff is not entitled to any relief based on his argument that the evidence did not support the verdict.

**B.      Jury Instructions and Evidentiary Rulings**

Plaintiff's arguments that the court erred in its jury instructions and evidentiary rulings also fail.  Even if the court were to assume that it erred, any such error was not prejudicial because the jury did not reach the question of employer liability.  The instructions of which plaintiff complains, and the evidence not admitted, related to whether defendant could be held liable for its supervisor's conduct.  The jury determined that plaintiff was not subjected to a hostile work environment.  Defendant's liability was not addressed by the jury.  The court cannot find error, prejudice, or manifest injustice based on plaintiff's arguments.  And there is nothing in the record to suggest that substantial justice was not done.  Plaintiff's requests for relief on the basis of erroneous jury instructions and evidentiary rulings are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law; and Alternatively, Motion for New Trial and to Alter or Amend the Judgment Pursuant to

Rule 59 (Doc. 180) is denied.

Dated this 19th day of March 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**